UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONTRELL ABDULLAH,

       Plaintiff,                               Hon. Janet T. Neff

v.                                             Case No. 1:13-CV-1283

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on <u>Plaintiff's Stipulation and Order for Attorneys Fees Pursuant to the Equal Access to Justice Act</u>. (Dkt. #18). Plaintiff's counsel seeks $4,500.00 in fees and costs, as detailed in his application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **denied**.

        Plaintiff initiated this matter on November 26, 2013. (Dkt. #1). On May 14, 2014, the parties stipulated to remand this matter to the Commissioner for further proceedings. (Dkt. #15-17). On August 8, 2014, Plaintiff's counsel submitted a proposed stipulation and order to award counsel four thousand, five hundred dollars ($4,500.00) in EAJA fees. (Dkt. #18). On January 5, 2015, the Court issued an Order to Show Cause which provided in relevant part as follows:

> In support of his request, counsel has failed to submit any evidence (or make any argument) concerning the extent and nature of work performed in this matter. Instead, counsel has simply submitted a proposed stipulation in which the parties agree to payment of the amount requested. Pursuant to the EAJA, attorney fees are payable only to the extent that such are "reasonable." 28 U.S.C. § 2412(b). While Defendant may consider counsel's request reasonable, the Court has an independent

>   responsibility to ensure the reasonableness of any EAJA fee award. *See, e.g., Farmer v. Astrue*, 2010 WL 4904801 at *1 (D. Kan., Nov. 24, 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 432-34 (1983)); *Brennan v. Barnhart*, 2007 WL 586794 at *1 (D. Maine, Feb. 20, 2007) (same).
>
>   Counsel has failed to demonstrate that the requested fees are reasonable. Accordingly, counsel is hereby ordered to show cause why his motion for fees should not be denied. Counsel shall respond to this Order no later than seven (7) days from the date of this Order.

(Dkt. #20).

While counsel responded to the Court's Order to Show Cause, his submission fails to establish that the requested fees are reasonable. For example, counsel has failed to identify the precise number of hours allegedly expended in this matter, stating only that his "office spent approximately 30 attorney hours on the case." Counsel has likewise failed to establish that payment in an amount beyond that articulated in the statute is appropriate. *See* 28 U.S.C. § 2412(d)(2)(A) ("fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee"); *Begley v. Secretary of Health and Human Services*, 966 F.2d 196, 199 (6th Cir. 1992) (the EAJA's statutory hourly rate "is a ceiling and not a floor"); *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009) (counsel bears the burden of "producing appropriate evidence to support the requested increase" and this burden is not satisfied by simply submitting his own affidavit or "the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees").[1]

---

[1] It appears that counsel intended to include with his response certain exhibits, but such were not attached to the response or otherwise submitted to the Court.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Stipulation and Order for Attorneys Fees Pursuant to the Equal Access to Justice Act</u>, (dkt. #18), be **denied**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: March 3, 2015

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge