UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONTRELL R. ABDULLAH,

       Plaintiff,                                 Case No: 1:13-cv-1283

v                                                        HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## **OPINION**

This matter is before the Court on the "Stipulation and Order Awarding EAJA Fees" (Dkt 18). Specifically, Plaintiff requested, and Defendant stipulated to, $4,500.00 in attorney fees plus costs (*id.*). However, because Plaintiff failed to submit any evidence (or make any argument) concerning the extent and nature of the work performed in this matter, the Magistrate Judge ordered Plaintiff to show cause why his request should not be denied (Dkt 20). On March 3, 2015, following Plaintiff's submission, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's request nonetheless be denied for the reason that his submission failed to establish that the requested fees are reasonable (Dkt 24). The matter is now before the Court on Plaintiff's objections to the Report and Recommendation, requesting $6,157.77 in fees, plus costs (Dkt 26-1 at 1). Defendant did not file a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies in part and grants in part Plaintiff's objections.

**I**

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), provides a mechanism for a party to recover his fees and other expenses, including reasonable attorney fees and fees for the services of a paralegal or legal assistant, when the party prevails in a lawsuit against the United States government. *See Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 804 (N.D. Ohio 2013) (collecting cases where compensation was awarded for work done by non-attorneys). The EAJA provides that the court shall award these fees and other expenses if: (1) the party is a "prevailing party"; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the party timely files a petition supported by an itemized statement. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129-30 (6th Cir. 2007). There is no dispute that these conditions have been satisfied in this case.

"[F]ees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate,' § 2412(d)(1)(B), capped in the mine run of cases at $125 per hour, § 2412(d)(2)(A)." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id.* at 796 n.4 (quoting 28 U.S.C. § 2412(d)(2)(A)(*ii*)). The burden lies with the fee applicant to establish the entitlement to an award of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Magistrate Judge pointed out that Plaintiff's counsel in this case failed to identify the precise number of hours expended in this matter, that counsel stated only that his "office spent approximately 30 attorney hours on the case" (R&R, Dkt 24 at 2). Counsel likewise failed to

establish that an hourly rate in an amount beyond that articulated in the statute is appropriate (*id.*). Therefore, the Magistrate Judge recommends that this Court deny Plaintiff's "Stipulation and Order Awarding EAJA Fees."

With the attachments to his objections, however, Plaintiff fills some of the evidentiary gap identified by the Magistrate Judge. Plaintiff attaches his billing records (Dkt 26-1) and the credentials of the five employees who worked on the file (Dkt 26-3), asserting that a total of 35.62 total hours were expended: 30.77 "Attorney Hours" and 4.85 "Law Clerk hours." Plaintiff requests hourly rates for the two attorneys (Frederick Daley and Kelie Schneider) of $181.60 (for 2013) and $184.50 (for 2014). Plaintiff requests a $100 hourly rate for the three "law clerks" who worked on the file (David Solomonik, Evelyn Kida and Pauline Lacson), none of whom are attorneys according to their attached résumés. Plaintiff indicates the Total Fee Requested is now $6,157.77 (Dkt 26-1 at 1).

***Time Expended.*** The EAJA "provides district courts discretion to adjust the amount of fees for various portions of the litigation, guided by reason and statutory criteria." *Jean*, 496 U.S. at 165-66. Generally, a reasonable expenditure of time for representation of a party seeking judicial review of the Commissioner's final administrative decision denying claims for DIB and SSI benefits is in the range of 15 to 30 hours. *Nichols v. Comm'r of Soc. Sec.*, No. 1:09-cv-1091, 2012 WL 1189764, at *2 (W.D. Mich. Mar. 19, 2012) (collecting cases). "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule . . . ." *Crim v. Comm'r of Soc. Sec.*, No. 1:11-cv-137, 2013 WL1063476, at * 4 (S.D. Ohio Mar. 14, 2013).

Here, some of the time expended on this case may be attributable to the duplication of efforts by five employees becoming familiar with a file. More than one-half of Plaintiff's claimed hours were devoted to the two attorneys' review of the administrative record and medical evidence. The record in this case is of a typical size (Dkts 6 & 7). And Plaintiff filed a 14-page memorandum, with only a single issue for review that is also typical of most social security cases, to wit: "Whether the decision of the Administrative Law Judge ('ALJ') that Plaintiff is not entitled to receive Supplemental Security Income ('SSI') is supported by substantial evidence" (Dkt 12 at 1). There was no oral argument or supplemental briefing. Indeed, Plaintiff did not file a reply brief in this case as Defendant stipulated to a remand to the Social Security Administration (Dkt 15).

Consequently, the Court will reduce the number of requested attorney hours from 30.77 to 25 to reflect the Court's determination that Plaintiff has not borne his burden of demonstrating the reasonableness of the claimed attorney time. *See Communities for Equity v. Michigan High Sch. Athletic Ass'n*, No. 1:98–cv–479, 2008 WL 906031 at *4 (W.D. Mich. Mar. 31, 2008) ("the propriety of simple across-the-board reductions by a certain percentage has been recognized by the Sixth Circuit as an appropriate mechanism for penalizing duplication and other billing problems") (citing *Coulter v. Tennessee*, 805 F.2d 146, 152 (6th Cir. 1986)). Accordingly, the Court grants the part of Plaintiff's objection to the Magistrate Judge's recommendation to deny the Stipulation and will award fees for a total of 25 attorney hours and 4.85 law clerk hours.

***Hourly Rates.*** The EAJA provides that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff asserts that the attorney hourly rates in this case should

be increased to reflect increases in the cost of living, increases that Plaintiff emphasizes are consistent with the Commissioner's stipulation and the hourly rates of social security attorneys in Michigan (Objs., Dkt 26 at 3-4).

Plaintiff does not identify social security precedent within the Sixth Circuit prohibiting or discouraging a district court from examining an agreed-upon hourly rate, and, absent authority to the contrary, the Court is not convinced that the parties' agreement absolves a court of performing the inquiry required by 28 U.S.C. § 2412(d)(2)(A). *See Jean*, 496 U.S. at 163 (recognizing that "[e]ligibility for fees is established upon meeting the four conditions set out by the statute, but a district court will always retain substantial discretion in fixing the amount of an EAJA award"). *See, e.g., Montgomery v. Astrue*, No. 3:11-cv-256, 2012 WL 2064473, at *4 (S.D. Ohio June 7, 2012) (concluding that the court will, "on a case-by-case basis, make a determination of the appropriateness of the requested hourly fee and whether the requesting litigant has satisfied the *Bryant* requirement regardless of whether the Commissioner specifically objects to the amount of the requested hourly fee"), Report & Recommendation adopted sub nom. *Montgomery v. Comm'r of Soc. Sec.*, No. 3:12-cv-256, 2012 WL 2412069 (S.D. Ohio June 26, 2012).

The Court determines, consistent with current Sixth Circuit precedent, that the rise in inflation is insufficient evidence to support the requested increase. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (holding that an argument that the rate of inflation supports an increase in fees is "not enough" to prove that counsel is entitled to an increase in the $125.00 hourly rate as set by the EAJA). Plaintiff has not presented the type of evidence as contemplated by *Bryant* to establish an increase in the hourly rate or to demonstrate that this case was something other than a typical Social Security appeal. Plaintiff's arguments for a fee increase based on the rate

of inflation and public policy concerns arguably justify a *legislative* increase to the EAJA's statutory cap, but are insufficient justification for an increase in the hourly fee rate by this Court. Therefore, payment for Plaintiff's counsel's services will be based on an hourly rate of $125. Accordingly, the Court will award EAJA fees in the amount of $3,610.00 (25 hours multiplied by $125 per hour, plus 4.85 hours multiplied by $100 per hour).

## II

Last, regarding to whom the fees should be paid, Plaintiff attached a copy of a Declaration & Assignment of EAJA Fee in which Plaintiff agrees that any EAJA fees "shall be paid to my attorney" (Dkt 26-7). Plaintiff also asserts that "Counsel submitted a release to the treasury and verified there are no debts herein, thus, the EAJA can be made payable to counsel herein" (Objs., Dkt 26 at 5, citing *Astrue v. Ratliff*, 560 U.S. 586 (2010)).

In *Astrue*, the Supreme Court concluded that the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." 560 U.S. at 593. The Supreme Court concluded that the "Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a different conclusion." *Id.* at 597. The Court declines to disregard such clear and controlling direction. *See, e.g., Durtche v. Comm'r of Soc. Sec.*, No. 1:12-CV-1181, 2015 WL 1211183 (W.D. Mich. Mar. 17, 2015); *Banks v. Comm'r of Soc. Sec.*, No. 1:12-CV-1355, 2014 WL 5040393 (W.D. Mich. Oct. 8, 2014); *Parker v. Comm'r of Soc. Sec.*, No. 1:12-CV-1399, 2014 WL 4313274 (W.D. Mich. Sept. 2, 2014).

## III

For the foregoing reasons, the Court denies in part and grants in part Plaintiff's objections, adopts in part and rejects in part the Report and Recommendation, and denies in part and grants in

part the "Stipulation and Order Awarding EAJA Fees." An Order consistent with this Opinion will enter.


Dated: June 5, 2015                             /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge